UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| EBONY ROGERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SCHINDLER ELEVATOR )<br>CORPORATION, )<br>)<br>Defendant. )<br>_____ ) | Civil No. 5:22-cv-247 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Schindler Elevator Corporation ("Schindler") respectfully files this Notice of Removal of *Ebony Rogers v. Schindler Elevator Corporation*, File No. 22-CVS-006174 which is pending in the General Court of Justice, Superior Court Division, County of Wake, North Carolina to the United States District Court for the Eastern District of North Carolina. This Court has original jurisdiction under 28 U.S.C. §§ 1332(a) and 1441, *et seq.*, because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### I. PROCEDURAL AND FACTUAL BACKGROUND

1. On or about May 19, 2022, Plaintiff Ebony Rogers filed an action captioned *Ebony Rogers v. Schindler Elevator Corporation* in the General Court of Justice, District Court Division, County of Wake, North Carolina. A true and correct copy of the Summons is attached as <u>Exhibit A</u>, and the Complaint is attached as <u>Exhibit B</u>, which were served on Schindler's registered agent on May 25, 2022 pursuant to the Affidavit of Service. A true and correct copy of the Affidavit of Service is attached as <u>Exhibit C</u>.

2. In her Complaint, Plaintiff alleges, *inter alia*, that Schindler, while performing maintenance and service on the elevators located at 301 N. Wilmington Street, Raleigh, NC 27601 (hereinafter referred to as the "New Education Building"), caused a pipe stand from Elevator 2 to fall into the elevator shaft of Elevator 3, where Plaintiff was a passenger. (Compl. ¶¶ 10, 18.)

3. Plaintiff further alleges that when the pipe stand fell into the shaft, it obstructed the shaft, causing Elevator 3 to abruptly stop when it struck the pipe stand and resulting in injury to Plaintiff, including "scarring and disfigurement, permanent injury, and pain and suffering." (*Id.* ¶¶ 19, 34.)

4. Plaintiff asserts one claim for relief against Schindler in the Complaint: "Negligence, Gross Negligence and Willful or Wanton Actions of Defendant Schindler Corporation." (*Id.* at 4, ¶¶ 36–42.)

## II. **DOCUMENTS FILED WITH REMOVAL**

5. As noted above, a copy of the Summons, Complaint, and Affidavit of Service are attached hereto as Exhibit A, Exhibit B, and Exhibit C, respectively, as required by 28 U.S.C. § 1446(a) and L.R. 5.3(a)(1).

6. Other than written discovery, no other process, pleadings, orders, or other documents have been served upon Schindler as of this date, and Schindler has filed no other motions nor served any other documents as of this date.

## III. **THE REMOVAL IS TIMELY**

7. Schindler was served via overnight mail addressed to its agent for service of process, CT Corporation System, on May 25, 2022. Accordingly, this notice of removal is filed within 30 days of receipt by Schindler of the initial pleading setting forth the claim for relief upon which this action is based. *See* 28 U.S.C. § 1446(b). The removal is being filed within one year

of the date on which Plaintiff filed his lawsuit. 28 U.S.C. §1446(c)(1). Accordingly, removal of this action is timely.

## IV. AMOUNT IN CONTROVERSY EXCEEDS $75,000

8. Upon information and belief, Plaintiff contends: that she sustained a torn right rotator cuff and a herniated disc at C5-6 as a result of this incident; that she has undergone one shoulder surgery already, with another scheduled in the future; and that she has incurred at least $120,000 in medical specials related to this incident.

9. Thus, upon information and belief, Plaintiff's alleged damages are in excess of $75,000, which is the jurisdictional amount in controversy required under 28 U.S.C. § 1332.

## V. THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332 – DIVERSITY OF CITIZENSHIP

10. Removal under 28 U.S.C. § 1441 is appropriate because this is an action over which this Court would have original jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1). The amount in controversy exceeds $75,000, exclusive of interests and costs, and complete diversity of citizenship exists between Plaintiff and Defendant. *See* 28 U.S.C. §§ 1332 (a)(1), 1441.

11. On information and belief, Plaintiff is a citizen of North Carolina who resides in Wake County. (*See* Compl. ¶ 1.)

12. Defendant Schindler is, and at the time this action was commenced was, a corporation organized under the laws of the state of Delaware with its principal place of business in New Jersey. Schindler therefore is a citizen of Delaware and New Jersey for the purposes of this Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

13. Accordingly, diversity of citizenship exists between Plaintiff and Defendant.

## VI. VENUE OF THIS REMOVAL IS PROPER

14. The United States District Court for the Eastern District of North Carolina includes the county in which the state court action is now pending (Wake County). *See* 28 U.S.C. § 113(a).

15. Venue of this removal is proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, removal to this Court is appropriate under 28 U.S.C. § 1446(a).

## VII. FILING AND SERVING OF REMOVAL

16. A copy of this Notice of Removal is being served on Plaintiff's Counsel and filed with the General Court of Justice, District Court Division, County of Wake, North Carolina, pursuant to 28 U.S.C. § 1446(d).

## VIII. PRESERVATION OF RIGHTS

17. By removing this action to this Court, Schindler does not waive any defenses, objections or motions available to it under state or federal law. Schindler expressly reserves the right to move for dismissal of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

18. If any question arises as to the propriety of this removal, Schindler requests the opportunity to conduct discovery or briefing as to any disputed issues and to present oral argument in support of its position that this action is properly removable.

Wherefore, Schindler Elevator Corporation hereby removes the above-captioned action from the General Court of Justice, District Court Division, County of Wake, North Carolina, to the United States District Court for the Eastern District of North Carolina.

*<<Signature Page Below>>*

Respectfully submitted this 24th day of June, 2022.

                                                 */s/Paul J. Osowski*
Paul J. Osowski, N.C. Bar No. 23423
NELSON MULLINS RILEY
& SCARBOROUGH, L.L.P.
301 South College Street, 23rd Floor
Charlotte, North Carolina 28202
Ph: (704) 417-3000
Email: paul.osowski@nelsonmullins.com

*Attorney for Defendant Schindler Elevator Corporation*

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he has served a copy of the foregoing document upon counsel of record by CM/ECF and mailing a true copy thereof, through the United States Mail, first class, postage prepaid on June 24, 2022, and addressed as follows:

        Matthew A. Fleishman
        Rosensteel Fleishman, PLLC
        132 N. McDowell Street
        Charlotte, North Carolina 28204
        T: (704) 714-1450
        F: (704) 774-3001
        Email: mfleishman@rflaw.net

*Attorney for Plaintiff*

        */s/Paul J. Osowski*_____
        Paul J. Osowski

        *Attorney for Defendant*