# EXHIBIT B

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA | | IN THE GENERAL COURT OF JUSTICE |
| | | SUPERIOR COURT DIVISION |
| COUNTY OF WAKE | | 22-CVS-6174 |

EBONY ROGERS, )
)
Plaintiff, )
)
vs. ) **COMPLAINT**
)
SCHINDLER ELEVATOR CORPORATION, )
)
Defendant. )
)

Plaintiff, Ebony Rogers, complaining of the Defendant, alleges and says:

## I. PARTIES AND VENUE

1. Plaintiff, Ebony Rogers (herein "Rogers"), is a resident of Knightdale, Wake County, North Carolina.

2. Defendant, Schindler Elevator Corporation (herein "Schindler"), is a corporation licensed to do business and doing business within the State of North Carolina with an office in Raleigh, Wake County, North Carolina. All allegations contained herein against Defendant Schindler Elevator Corporation also refer to and include the principals, agents, employees and/or servants of said Defendant, either directly or vicariously, under the principles of corporate liability, the completed and accepted doctrine, apparent authority, agency, ostensible agency, and/or respondeat superior, and the acts, practices and omissions of Defendant Schindler Elevator Corporation's employees and/or agents are imputed to their employer, Schindler Elevator Corporation.

3. Upon information and belief, Defendant Schindler had entered into a contract with the State of North Carolina to maintain and service the elevators at the building located at 301 N. Wilmington Street, Raleigh, NC 27601 (herein "New Education Building"). At all times relevant hereto, Defendant Schindler provided inspections, maintenance and repairs for the elevators at the New Education Building pursuant to its contract with the State of North Carolina.

4. At all times relevant hereto, Defendant Schindler's principals, agents, employees and/or servants were acting within the course and scope of their employment and/or agency, including those persons responsible for properly maintaining, inspecting, servicing, and repairing the elevators in the New Education Building.

5. Upon information and belief, Defendant Schindler at all times relevant hereto was responsible for the management, maintenance, inspection, repair and safety of the elevators at the New Education Building.

6. Upon information and belief, Defendant Schindler at all times relevant hereto had control of the area in the New Education Building where the incident took place, including Elevators number 2 and 3.

7. This Court has personal jurisdiction over the Plaintiff and Defendant in this matter, pursuant to N.C. General Statute § 1-75.4(3) and other relevant law.

8. The amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00) as provided by North Carolina General Statute § 1A-1, Rule 8, and Superior Court is the proper division provided by North Carolina General Statute § 7A-243.

## II. FACTS

9. Plaintiff hereby incorporates paragraphs 1 through 8 herein by reference.

10. Upon information and belief, on or about October 25, 2019, Defendant Schindler was performing maintenance on the elevators located at the New Education Building.

11. Upon information and belief, on or about October 25, 2019, Defendant Schindler was intending to replace the hoist rope of Elevator number 2 at the New Education Building.

12. In the alternative, upon information and belief, on or about October 25, 2019, Defendant Schindler was intending to replace the hoist rope of Elevator number 3 at the New Education Building.

13. Upon information and belief, on or about October 25, 2019, Defendant Schindler, while working on Elevator number 2, did not deactivate Elevator number 3.

14. Upon information and belief, on or about October 25, 2019, Defendant Schindler had set up a pipe stand at Elevator number 2 for the express purpose of replacing the hoist rope of Elevator number 2.

15. Plaintiff Rogers, at all relevant times, was a lawful visitor on the premises of the New Education Building.

16. Plaintiff Rogers did not know Defendant Schindler was providing maintenance to the elevators at the New Education Building on or about October 25, 2019.

2

17.     Upon information and belief, on or about October 25, 2019 at approximately 9:30 a.m., the Plaintiff entered Elevator number 3 on the 1st floor of the New Education Building.

18.     Upon information and belief, after the Plaintiff entered Elevator number 3, the pipe stand, which had been set up by Defendant Schindler, fell into the hoistway (also known as the elevator shaft, or shaftway) of Elevator number 3.

19.     Upon information and belief, as a result of the pipe stand falling into the hoistway of Elevator number 3, the elevator struck the pipe stand causing Elevator number 3 to abruptly come to a sudden stop, resulting in injury to the Plaintiff.

20.     Upon information and belief, as a result of the pipe stand falling into the hoistway of Elevator number 3, one of the under-car roller guide assemblies was broken.

21.     Upon information and belief, on or about October 25, 2019, Defendant Schindler was the sole entity responsible for providing maintenance on the elevators at the New Education Building.

22.     Upon information and belief, on or about October 25, 2019, Defendant Schindler was responsible for the maintenance on the elevators at New Education Building.

23.     Upon information and belief, on or about October 25, 2019, Defendant Schindler was aware of the danger of failing to secure the pipe stand.

24.     Upon information and belief, on or about October 25, 2019, Defendant Schindler knew or should have known to disable Elevator number 3 while changing the hoist rope of Elevator number 2 and failed to do so.

25.     Upon information and belief, on or about October 25, 2019, Defendant Schindler knew or should have known to disable Elevator number 3 while performing maintenance on it or an adjacent elevator and failed to do so.

26.     At all times relevant hereto, the unsecured pipe stand constituted a hazardous condition about which Defendant Schindler knew or should have known.

27.     At all times relevant hereto, Defendant Schindler had a duty to maintain in good and safe condition the elevators in the New Education Building.

28.     At all times relevant hereto, Defendant Schindler knew or should have known that the hazardous condition of the unsecured pipe stand posed a safety hazard to guests and employees located at the New Education Building.

29.     At all times relevant hereto, Defendant Schindler had ample opportunity to remedy the hazardous condition of the unsecured pipe stand and failed to do so.

30. Following the October 25, 2019 incident with Elevator number 3, an investigation was conducted by the North Carolina Department of Labor Elevator and Amusement Device Bureau. The investigation concluded that the cause of the incident was that a pipe stand from Elevator number 2's hoistway fell into the hoistway of Elevator number 3. Elevator number 3 then (traveling in the down direction) struck the pipe causing the elevator to come to a stop.

31. The investigation conducted by the Elevator and Amusement Device Bureau included Corrective Action, to include more awareness to potential hazards while involved in work in multiple hoistways.

32. Notice and findings of the investigation conducted by the Elevator and Amusement Device Bureau were provided to Defendant Schindler either directly and/or through its agents and/or employees.

33. Defendant Schindler owed Plaintiff Rogers the duty to exercise reasonable care to keep the premises of the New Education Building, including but not limited to the elevators, in a reasonably safe condition and to give warning of hidden perils of unsafe conditions.

### III. DAMAGES

34. As a direct and proximate cause of the negligence of the Defendant, the Plaintiff was injured, causing her to incur past, present, and future medical expenses, scarring and disfigurement, permanent injury, and pain and suffering.

35. The Defendant's negligence directly and proximately caused Plaintiff to sustain damage to her person in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

### FIRST CLAIM FOR RELIEF
(Negligence, Gross Negligence and Willful or Wanton Actions
of Defendant Schindler Elevator Corporation)

36. Plaintiff hereby incorporates paragraphs 1 through 35 herein by reference.

37. Upon information and belief, Defendant Schindler Elevator Corporation was negligent, grossly negligent and/or acted willfully and wantonly and in reckless disregard for the safety of others in one or more of the following ways:

   a. By failing to maintain the elevators in the New Education Building in a manner necessary to provide safe usage to lawful invitees, including Plaintiff Rogers;

   b. By not properly inspecting the elevators in the New Education Building in a manner necessary to provide safe usage to lawful invitees, including Plaintiff Rogers;

c. By failing to use that degree of care a reasonable company and/or individual similarly situated would use in a similar situation to correct the dangerous condition created by the faulty elevator;

d. By not warning lawful invitees, including Plaintiff Rogers, of the hidden, unsafe, and dangerous condition of the elevators after Defendant knew or should have known of the existence of the hidden, unsafe, and dangerous condition;

e. By not taking available measures to reduce the danger posed by the hidden, unsafe, and dangerous condition of the elevators when it knew lawful invitees did and would use the elevators;

f. By not complying with applicable standards concerning the maintenance and servicing of elevators;

g. Was negligent per se by operating or continuing to permit the operation of Elevator number 3 while it knew or reasonably should have known that such operation or use would expose a person to an unsafe condition which was likely to result in personal injury or property damage in violation of N.C.G.S. 95-110(8);

h. By not taking due care for the safety of lawful invitees; and

i. Defendant was negligent in other ways that will be developed through discovery and at trial.

38. Defendant Schindler knew or should have known that its negligence, gross negligence and/or willful and wanton actions as alleged above were likely to result in injury to individuals, including Plaintiff Rogers, and those similarly situated to Plaintiff.

39. Defendant Schindler's gross negligence as alleged above was willful and wanton.

40. Plaintiff Rogers' injuries were foreseeable and were a direct and proximate result of Defendant Schindler's negligence and gross negligence as alleged above.

41. The damages incurred by Plaintiff Rogers as a direct and proximate result of the above-referenced negligence of Defendant Schindler include, but are not limited to, the following:

a. Past, present, and future medical expenses;

b. Scarring and disfigurement;

c. Permanent injury; and

d. Pain and suffering.

5

42. As a direct and proximate result of the aforementioned negligence of Defendant, Plaintiff Rogers has been damaged in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

WHEREFORE, Plaintiff prays the Court for relief as follows:

1. That Plaintiff, Ebony Rogers, have and recover of Defendant, Schindler Elevator Corporation, a sum in excess of Twenty-Five Thousand Dollars ($25,000.00);

2. That the costs of this action be taxed against Defendant;

3. For prejudgment interest; and

4. For such other and further relief as the Court may deem just and proper.

This the 18th day of May, 2022.

_____
Matthew A. Fleishman
*Attorney for Plaintiff*
132 N. McDowell Street
Charlotte, NC 28204
Telephone: 704-714-1450
Facsimile: 704-774-3001
mfleishman@rflaw.net
NC Bar #28521

6